7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas A. MILES, Defendant-Appellant.
 No. 92-6618.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1993.
 
 Before MERRITT, Chief Judge, LIVELY, Senior Circuit Judge, and JOHNSTONE*, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the sentence imposed by the district court following a guilty plea to the charge of being a felon knowingly in possession of a firearm. The only issue on appeal concerns the district court's finding that two firearms located in a search of the defendant's residence on February 18, 1991, were used in a robbery earlier that day. The parties waived oral argument and submitted the appeal on the record and briefs. Upon consideration of the district court record together with the briefs, we conclude that the disputed finding of the district court was not clearly erroneous, but rather was supported by a preponderance of the evidence. Accordingly, we affirm.
 
 
 2
 The defendant's mother, Eva Miles, was robbed early in the evening of February 18 by two masked intruders, carrying guns, who beat her and robbed her. She recognized her son as one of the robbers and later that evening the police arrested him and searched his residence, where they found two firearms. Defendant's mother testified at the state aggravated robbery trial that the two guns seized from the defendant's house looked like the ones used in the robbery. The state court sentenced the defendant to a term of imprisonment of twenty years.
 
 
 3
 Following his indictment by a federal grand jury on the felon in possession charge, the defendant entered into a plea agreement but objected to the presentence report finding that he had used a gun in connection with the robbery that was seized during the search of his residence. The court held an evidentiary hearing and reviewed the trial transcript as well as an affidavit of Eva Miles in which she stated that she could not positively identify the guns used in the robbery. Nevertheless, the court found by a preponderance of the evidence that the two guns taken from the defendant's residence were the same as those used in the robbery earlier that evening. The court calculated the applicable range for sentencing under the United States Sentencing Guidelines (Guidelines) to be 63 to 78 months and sentenced the defendant to 76 months, to be served concurrently with his state prison term.
 
 
 4
 The base offense level for possession of a firearm by a convicted felon is 12. Guidelines § 2K2.1. The Guidelines provide further, however, that if a defendant used or possessed the forbidden firearm in connection with a commission or attempted commission of another offense, then under § 2K2.1(c)(1)(A) and § 2X1.1., the offense level for the substantive offense applies if it is greater than 12. The offense level for robbery is 20. § 2B3.1. Thus, applying the Guidelines as a whole, the district court calculated the sentence on the basis of an offense level of 20. The defendant argues that the government failed to prove that a weapon he was found to possess had been used in the commission of the aggravated robbery.
 
 
 5
 The government has the burden of establishing enhancement factors by a preponderance of the evidence, and the court's factual findings are subject to review under the clearly erroneous standard. United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991). In this case, the finding of the district court that the government proved the disputed factual issue by a preponderance of the evidence is not clearly erroneous.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation